# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR SUMMONS
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Jason William Maier**

Case Number:  **2:22-00284M**

Name of Sentencing Judicial Officer: **Honorable Elayna J. Youchah**

Date of Original Sentence: **January 3, 2024**

Original Offense: **Refusal to Submit Chemical Test**

Original Sentence: **24 Months' probation**

Date Supervision Commenced: **January 3, 2024**

Name of Assigned Judicial Officer: **Honorable Elayna J. Youchah**

## PETITIONING THE COURT

☒ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Refrain From Unlawful Use of Controlled Substance (Mandatory) - The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests, thereafter, as determined by the court, not to exceed 104 tests annually.**

   A) On January 19, 2024, Mr. Maier tested positive for THC during urinalysis with the probation office. This same day, he admitted in writing to using THC on January 17, 2024. On January 29, 2024, the national laboratory confirmed his sample was indeed positive for THC.

RE: Jason William Maier

> B) Mr. Maier continued to test positive for THC during drug testing on the following dates:
>
> - January 24, 2024
> - January 30, 2024
> - January 31, 2024
> - February 5, 2024
>
> All above stated samples were confirmed positive by the national laboratory. Mr. Maier claimed he did not use THC after January 17, 2024.
>
> C) On March 15, 2024, Mr. Maier tested positive for THC during random urinalysis. On March 18, 2024, he admitted in writing to using THC on March 11 and 13, 2024. However, on March 20, 2024, the national laboratory ruled the sample was diluted and came back invalid.
>
> D) Mr. Maier continued to test positive for THC during drug testing on the following dates:
>
> - March 21, 2024
> - March 26, 2024
> - April 6, 2024
> - April 23, 2024
>
> All above stated samples were confirmed positive by the national laboratory. Mr. Maier claimed he did not use THC after March 13, 2024.

2. **Drug Testing (Special) – You must submit to substance abuse testing to determine if you have used a prohibited substance.** *Testing shall not exceed 104 tests per year.* **You must not attempt to obstruct or tamper with the testing methods**.

   A) On January 19, 2024, Mr. Maier was directed to participate in random urinalysis with TOMO Drug Testing. He failed to report for drug testing on January 23, 2024.

3. **No Alcohol (Special) – Defendant must not possess alcohol**.

   A) On January 19, 2024, Mr. Maier admitted to possessing and consuming alcohol on January 18, 2024.

RE: Jason William Maier

    B) On April 4, 2024, the undersigned officer and United States Probation Officer Muruato contacted Mr. Maier at his residence. USPO Muruato conducted an alcohol breathalyzer test with him. Mr. Maier's breath sample tested positive for alcohol (BAC – 0.033). He would later advise both officers he possessed and consumed alcohol earlier this same day.

    C) On May 25, 2024, Mr. Maier tested positive for alcohol during random alcohol monitoring test (BAC – 0.029). This same day, he admitted to possessing and consuming alcohol the previous night on May 24, 2024.

4. **Be Truthful (Standard) - The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

    A) On March 15, 2024, Mr. Maier contacted the undersigned officer via telephone and advised; he tested positive for THC during a random urinalysis at TOMO Drug Testing. He was adamant he did not use any illicit substance prior to his drug test. The undersigned officer questioned Mr. Maier on his use and explained, the sample would be sent to the national laboratory for confirmation. Again, he denied any drug use. Within the next hour, Mr. Maier called the undersigned officer again. He admitted to initially being dishonest with the undersigned officer. Mr. Maier confessed to using a THC edible prior to his urinalysis on this date.

    B) As mentioned above, on April 4, 2024, USPO Muruato and the undersigned officer contacted Mr. Maier for a home visit. USPO Muruato conducted an alcohol breathalyzer test with him. Mr. Maier's breath sample tested positive for alcohol. He would then advise USPO Muruato the device was broken, as he has not consumed any alcohol. Later, Mr. Maier admitted to both officers he had consumed one "shot" of alcohol earlier this same day. He apologized for lying to USPO Muruato.

5. **Live At Approved Place (Standard) - You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**

On April 1, 2024, Mr. Maier contacted the undersigned officer via telephone and advised; he moved into a new residence. According to him, on March 29, 2024, he moved into an

RE: Jason William Maier

Prob12C
D/NV Form
Rev. March 2017

apartment with his girlfriend, without approval of the probation office. Mr. Maier failed to report his moving plans to the undersigned officer as required.

6. **Alcohol Monitoring (Special) – You must be subject to alcohol monitoring for 90 days as directed by your supervision officer.**

   A) On April 16, 2024, Mr. Maier was instructed to begin random alcohol monitoring through Behavioral Intervention – Soberlink. He missed alcohol monitoring tests on the following dates and times:

   - May 11, 2024, 9:00a.m.
   - May 11, 2024, 11:00a.m.
   - June 16, 2024, 9:00a.m.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **June 27, 2024**

Digitally signed by Zack Warner
Date: 2024.06.27 19:59:59 -07'00'

Zachary Warner
United States Probation Officer

Approved:

Digitally signed by Steve Goldner
Date: 2024.06.27 17:04:21 -07'00'

Steve M Goldner
Supervisory United States Probation Officer

RE: Jason William Maier

Prob12C
D/NV Form
Rev. March 2017

## *THE COURT ORDERS*

☐ No Action.
☐ The issuance of a warrant.
☒ The issuance of a summons.
☐ Other:

*Signature of Judicial Officer*

June 28, 2024
Date

**RE: Jason William Maier**

Prob12C
D/NV Form
Rev. March 2017

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
### UNITED STATES V. JASON WILLIAM MAIER, 2:22-00284M

---

### SUMMARY IN SUPPORT OF PETITION FOR SUMMONS
### June 27, 2024

---

On January 3, 2024, Your Honor sentenced Mr. Maier to two (2) years' probation as a result of his guilty plea to Refusal to Submit to a Chemical Test. By the way of case history, the undersigned officer submitted a Report on Person Under Supervision to Your Honor on February 5, 2024. This report outlined Mr. Maier's noncompliance, after commencing his term of probation. Specifically, the use of THC and alcohol. It should be noted, Mr. Maier's use occurred two weeks after his sentencing.

On February 9, 2024, Mr. Maier was assessed for substance abuse treatment by the Community Counseling Center in Las Vegas, NV. He was found appropriate for individual and group substance abuse treatment. Mr. Maier has experienced significant loss in his life prior to his term of probation. As mentioned in the Presentence Report, his daughter died of a fentanyl overdose in 2017. After this, Mr. Maier's marriage failed. According to him, he believes a significant portion of his substance abuse stems from this hardship. On March 15, 2024, Mr. Maier called the undersigned officer and explained, he tested positive for THC during random urinalysis at TOMO Drug Testing. He was adamant he did not use any controlled substances prior to his drug test. Though, as highlighted above, Mr. Maier later admitted to initially lying to the undersigned officer.

On March 18, 2024, Mr. Maier reported to the probation office, as instructed, and admitted in writing to using THC on March 11 and 13, 2024. Mr. Maier advised; he was given THC edible "gummies" as a gift from a customer through his employment. He confessed to consuming the THC-related product at his residence. Mr. Maier was residing at a sober living residence in Las Vegas, Nevada during this time. Mr. Maier was verbally admonished for initially lying to the undersigned officer and jeopardizing the sobriety of other residents at his sober living home. Furthermore, the undersigned officer instructed him to write a 1-page essay on the importance of honesty by March 25, 2024. On March 25, 2024, Mr. Maier submitted his essay, as instructed.

On April 1, 2024, Mr. Maier contacted the undersigned officer via telephone. He advised; he moved into a new residence and needed to report the address to the probation office. The undersigned officer questioned Mr. Maier on his new address. According to him, on March 29, 2024, he moved into an apartment with his girlfriend, without approval of the probation office. The move was anticipated by him as he planned on moving out of his previous residence, due to a combination of long-term issues with his previous residence. However, Mr. Maier failed to report his plans to the undersigned officer. He was verbally admonished for his lack of communication with the probation office. The undersigned officer completed an investigation of the new residence. It appears appropriate for supervision currently.

RE: Jason William Maier

Prob12C
D/NV Form
Rev. March 2017

On April 4, 2024, United States Probation Officer Muruato and the undersigned officer contacted Mr. Maier at his new residence. He appeared disoriented during the contact. USPO Muruato conducted an alcohol breathalyzer test with him, while the undersigned officer was speaking to his girlfriend. Mr. Maier's breath sample tested positive for alcohol (BAC – 0.033) . He would then advise USPO Muruato the device was broken, as he has not consumed any alcohol. Later, Mr. Maier admitted to both officers he had consumed one "shot" of alcohol earlier this same day. Additionally, he apologized for lying to USPO Muruato. The undersigned officer instructed Mr. Maier to report to the probation office on April 8, 2024.

On April 8, 2024, Mr. Maier reported to the probation office. He was verbally admonished for consuming alcohol. Mr. Maier recalled the events of April 4, 2024, to the undersigned officer. He was adamant he did drive a motor vehicle, after consuming alcohol. Mr. Maier explained, he is not allowed to drink at his girlfriend's residence, so he purchased alcohol at a local liquor store, drove to his apartment complex, and drank in the parking lot outside of his home. The undersigned officer discussed prosocial alternatives to drinking alcohol with Mr. Maier. He appeared receptive to the conversation. Mr. Maier's therapist at the Community Counseling Center was notified of his alcohol consumption as well.

As Your Honor may recall, the undersigned officer requested Mr. Maier's condition of probation be modified to reflect alcohol monitoring for 90 days. The undersigned officer was hoping he would use this opportunity to gain compliance with his conditions and demonstrate he can live a sober lifestyle. Unfortanelty, Mr. Maier has submitted a positive test for alcohol and missed numerous alcohol tests since this modification. On May 25, 2024, he provided a breath sample that was positive for alcohol during a random alcohol monitoring test (BAC – 0.029). This same day, the undersigned officer contacted Mr. Maier via telephone. He was honest with the undersigned officer and admitted to consuming alcohol the night before at a local casino in Las Vegas, Nevada. Mr. Maier has attributed his missed alcohol tests to hiking and sleeping in.

On June 11, 2024, Mr. Maier completed his individual and group treatment sessions with the Community Counseling Center. Though, due to his noncompliance, the undersigned officer and Mr. Maier agreed he should continue individual therapy. Even though he completed the required treatment sessions, his attendance is sometimes sporadic due to his employment. As recently as June 25, 2024, Mr. Maier missed his individual treatment session. The undersigned continues to emphasize the importance of participating in treatment to aid his sobriety.

For the Court's information, Mr. Maier's criminal history includes a previous DUI conviction from 2018 and traffic related citations from 2019. The undersigned officer has worked diligently with Mr. Maier to promote his success. However, he continues to succumb to the use of alcohol. It should be mentioned, Mr. Maier has requested a transfer of supervision to the Southern District of California. The undersigned officer has informed him multiple times, the probation office will only request a transfer to California when he has demonstrated significant compliance.

Should Your Honor have any questions or concerns, please contact the undersigned officer at Zachary_warner@nvp.uscourts.gov or 702-378-0704.

**RE: Jason William Maier**

Prob12C
D/NV Form
Rev. March 2017

Respectfully submitted,

Digitally signed by Zack Warner
Date: 2024.06.27 20:00:26 -07'00'

Zachary Warner
United States Probation Officer

Approved:

Digitally signed by Steve Goldner
Date: 2024.06.27 17:04:52 -07'00'

Steve M Goldner
Supervisory United States Probation Officer

AO 245I (Rev. 09/20) Judgment in a Criminal Case for a Petty Offense
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JASON WILLIAM MAIER | Judgment in a Criminal Case<br>(For a Petty Offense)<br><br>Case No. 2:22-mj-284-EJY<br>USM No. 68379-509<br><br>Daniel Hill, Retained<br>Defendant's Attorney |

FILED _____ RECEIVED _____
ENTERED _____ SERVED ON _____
COUNSEL/PARTIES OF RECORD

JAN 0 4 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**THE DEFENDANT:**

☑ **THE DEFENDANT** pleaded ☑ guilty ☐ nolo contendere to count(s) _two of the Complaint_

☐ **THE DEFENDANT** was found guilty on count(s) _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 36 C.F.R. § 4.23(c)(2) | Refusal to Submit to a Chemical Test | 9/9/2021 | 2 |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment.

☐ **THE DEFENDANT** was found not guilty on count(s) _____

☑ Count(s) _one and three of hte Complaint_ ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: _____

Defendant's Year of Birth: _____

City and State of Defendant's Residence: _____

1/3/2024
Date of Imposition of Judgment

_/s/ Elayna Youchah_
Signature of Judge

ELAYNA J. YOUCHAH, U.S. Magistrate Judge
Name and Title of Judge

1/4/2024
Date

AO 245I (Rev. 09/20)   Judgment in a Criminal Case for a Petty Offense
Sheet 3 — Criminal Monetary Penalties

DEFENDANT: JASON WILLIAM MAIER
CASE NUMBER: 2:22-mj-284-EJY

Judgment — Page 2 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 10.00 | $ | $ 500.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I (Rev. 09/20)   Judgment in a Criminal Case for a Petty Offense
Sheet 4 — Schedule of Payments

DEFENDANT: JASON WILLIAM MAIER
CASE NUMBER: 2:22-mj-284-EJY

Judgment — Page 3 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☑ Lump sum payment of $ __510.00__ due immediately, balance due

    ☑ not later than __4/3/2024__ , or
    ☐ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below); or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of probation will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245I (Rev. 09/20)  Judgment in a Criminal Case for a Petty Offense
　　　　　　　　　　Sheet 5 — Probation

|  |  |
|---|---|
| DEFENDANT: JASON WILLIAM MAIER | Judgment—Page 4 of 6 |
| CASE NUMBER: 2:22-mj-284-EJY | |

## PROBATION

You are hereby sentenced to probation for a term of:    Two (2) years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245I (Rev. 09/20)   Judgment in a Criminal Case for a Petty Offense
   Sheet 5A — Probation

DEFENDANT: JASON WILLIAM MAIER
CASE NUMBER: 2:22-mj-284-EJY

Judgment — Page 5 of 6

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245I (Rev. 09/20)    Judgment in a Criminal Case for a Petty Offense
                        Sheet 5B — Probation Supervision

DEFENDANT: JASON WILLIAM MAIER
CASE NUMBER: 2:22-mj-284-EJY

Judgment — Page 6 of 6

## SPECIAL CONDITIONS OF SUPERVISION

Defendant must participate in an outpatient alcohol abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Defendant must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

Defendant must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.   The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Defendant must not possess alcohol.

Defendant must not knowingly enter Lake Mead National Recreation Area without first obtaining the permission of the probation officer.